IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL ELMER KENNEDY, JUNIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-398-D |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Board of County Commissioners for Oklahoma County's Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff has timely opposed the Motion, which is fully briefed and at issue.

Plaintiff brings suit under 42 U.S.C. § 1983 to recover damages allegedly sustained as a result of his detention in the Oklahoma County jail.[2] Plaintiff, who is represented by counsel, alleges that he was denied treatment for a medical condition that was known to and ignored by jail employees. Plaintiff claims a violation of his right as a pretrial detainee to constitutionally adequate medical care.[3] The premise of Defendant's Motion is that

---

[1] The Motion also cites Fed. R. Civ. P. 12(b)(2), (b)(4) and (b)(5), but the only basis for dismissal argued in Defendant's supporting briefs is that "Plaintiff has failed to state a claim upon which relief can be granted." *See* Def.'s Mot. Dism. [Doc. No. 4], p.7; Def.'s Reply Br. [Doc. No. 9], p.5.

[2] Plaintiff originally brought suit in state court on claims of negligence under the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172. A motion to dismiss was granted, and Plaintiff filed an amended petition asserting a § 1983 claim. Defendant promptly removed the case to federal court. In keeping with federal practice, the Court will refer to Plaintiff's pleading as a complaint.

[3] Although Plaintiff states that he was "incarcerated" in the jail, he also says he was released "[u]pon bail" and so clarifies that he was charged with, and not convicted of, a criminal offense at the time of his detention. *See* Am. Pet. [Doc. No. 1-3], ¶¶ 5, 9.

Plaintiff's factual allegations are insufficient to state a constitutional claim or a basis for governmental liability.

### Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

### Plaintiff's Factual Allegations[4]

Plaintiff was confined in the Oklahoma County jail on July 13, 2013, and during his confinement, "Plaintiff repeatedly complained about swelling in his stomach and testicles related to a herniation." *See* Am. Pet. [Doc. No. 1-3], ¶ 6. Plaintiff alleges that "[o]n multiple occasions, he petitioned for medical OR and was denied" and his "requests to be seen by another medical doctor were also denied." *Id*. ¶ 7. After Plaintiff was released,

---

[4] As required by Rule 12(b)(6), the factual allegations of the complaint are accepted as true and stated in the light most favorable to Plaintiff. *See Berneike v. CitiMortgage, Inc*., 708 F.3d 1141, 1144 (10th Cir. 2013).

"doctors at St. Anthony's hospital discovered that it was his liver that was the cause of his problems," and on August 26, 2013, "St. Anthony's hospital drained approximately 3.5 liters of fluid from Plaintiff's stomach." *Id*. ¶¶ 9-10. Plaintiff does not state the date of his release from jail or the length of his confinement.[5]

## Discussion

Tenth Circuit law is clear that a pretrial detainee is entitled under the Due Process Clause of the Fourteenth Amendment "'to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)).[6] To establish a constitutional violation under this standard, a plaintiff must show "deliberate indifference to serious medical needs." *Id*. (internal quotation omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference involves both an objective and a subjective component." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (internal quotation omitted); *see Martinez*, 563 F.3d at 1088-89.

---

[5] Publicly available state court records show that Plaintiff received a probable cause hearing and his bail was set on July 15, 2013, and an order of release with sheriff's return was filed July 26, 2013. *See State v. Kennedy*, Case No. CPC-2013-6503 (Dist. Ct. Okla. County, Okla.), *available at* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&cmid=3017802 (last visited July 2, 2015). The Court may take judicial notice of such records in connection with proceedings under Rule 12(b)(6). *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (federal courts "may exercise our discretion to take judicial notice of publicly filed records in our court and certain other courts").

[6] The Supreme Court recently decided the appropriate Due Process Clause standard for a pretrial detainee's excessive force claim. *See Kingsley v. Hendrickson*, 576 U.S. ____, 2015 WL 2473447, (June 22, 2015). This decision does not alter the standard applicable to medical care claims.

3

"The objective component of the test is met if the 'harm suffered rises to a level "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment." *Martinez*, 563 F.3d at 1088 (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id.* (quoting *Mata*, 427 F.3d at 753). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation omitted); *see Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

Upon consideration of Plaintiff's pleading, the Court finds insufficient factual allegations to suggest that a serious medical need existed during Plaintiff's confinement in the Oklahoma County jail. The complaint does not identify a diagnosed medical need at the time of Plaintiff's detention that mandated treatment, or a medical need so obvious that a lay person would have recognized the necessity for a doctor's attention. Plaintiff simply alleges that he was subsequently diagnosed with a liver condition and he received medical treatment more than a month after his incarceration began.[7] Plaintiff fails to allege circumstances from

---

[7] Plaintiff alleges that he obtained medical treatment in late August 2013; it appears from public records that Plaintiff was released from the Oklahoma County jail, at the latest, in late July 2013. *See supra* note 5.

which to reasonably infer that he suffered a sufficiently serious harm to satisfy the objective component of a constitutional claim.

To establish the subjective component, a plaintiff must show that prison officials "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1089 (internal quotation omitted). To violate the Eighth Amendment, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff may establish "that a prison official subjectively knew of the substantial risk of harm by circumstantial evidence or 'from the very fact that the risk was obvious.'" *Martinez*, 563 F.3d at 1089 (quoting *Farmer*, 511 U.S. at 842). "Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Id*. (quoting *Mata*, 427 F.3d at 753).

Upon consideration of Plaintiff's pleading, the Court also finds insufficient factual allegations from which to infer that jail employees knew of and disregarded a substantial risk of harm to Plaintiff. Plaintiff alleges that he informed the jail staff of swelling in his stomach and testicles and his requests for medical services and a medical doctor's visit were denied. These alleged facts do not support a reasonable conclusion that jail employees from whom Plaintiff requested medical help knew he faced a substantial risk of harm or disregarded an

5

obvious risk by failing to obtain medical care for his condition. Thus, the complaint fails to state a plausible claim that a constitutional violation occurred.

## Conclusion

Assessing the complaint under Rule 12(b)(6), the Court finds that Plaintiff presents insufficient factual allegations to state a § 1983 claim of deliberate indifference to a serious medical need. The Court also finds that Plaintiff need not be granted leave to further amend his pleading.[8] Therefore, Defendant is entitled to dismissal of the action for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant Board of County Commissioners for Oklahoma County's Motion to Dismiss [Doc. No. 4] is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 6th day of July, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[8] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989). Further, a plaintiff making "such a request 'must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment.'" *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (quoting *Calderon*, 181 F.3d at 1186-87).